IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

    Petitioner,

v.                                                    CIV NO. 04-1235 JB/ACT

JAMES JANECKA, Warden,

    Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Respondent's Motion to Dismiss the Petition for a Writ of Habeas Corpus. The Motion was filed on December 3, 2004. (Doc. No. 9). The United States Magistrate Judge, having reviewed the Petition, the Motion to Dismiss, the Memorandum in Support, the Answer, and the accompanying Exhibits, recommends that the Motion to Dismiss be GRANTED and the Petition for a Writ of Habeas Corpus be DENIED. The Petitioner, William Gardner, may not be granted federal habeas corpus relief because he had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts. Petitioner also seeks an appointment of counsel because he is currently incarcerated and indigent. (Doc. No. 1). The United States Magistrate Judge recommends that the request for an Appointment of Counsel also be DENIED.

## PROPOSED FINDINGS

## PROCEEDINGS AND PLEADINGS

1. Petitioner is currently incarcerated in a New Mexico correctional facility in accordance with an Amended Judgment and Sentence of the Twelfth Judicial District Court, County of Lincoln, State of New Mexico. (Answer, Exhibit B). Petitioner is proceeding *pro se* and *in forma pauperis*.

2. In accordance with his Plea and Disposition Agreement, Petitioner pled no contest to a third degree felony and two fourth degree felonies in cause number D-1226-CR 2002-00023. Petitioner also admitted to being a habitual offender because he had prior felony convictions. (Answer, Exhibits A and B).

3. Petitioner was sentenced to a total of sixteen and a half (16 ½) years which included sentence enhancements under the Habitual Offender Act, NMSA §31-18-17. Four and a half (4 ½) years of the sentence was suspended.

4. In his Plea and Disposition Agreement, Petitioner reserved the right to appeal his Motions to Suppress Evidence that had been filed in his case. (Answer, Exhibit C).

5. Petitioner, represented by counsel, filed a timely Notice of Appeal to the Court of Appeals of the State of New Mexico. (Answer, Exhibit D). Petitioner filed his Docketing Statement and raised one issue with seven supporting arguments. His issue on appeal was the same issue that he has brought forth in this Petition for a Writ of Habeas Corpus. He claims that the affidavit for the search warrant in his case was factually insufficient to support the search warrant. (Answer, Exhibit E and Doc. No. 1).

6. The Court of Appeals of the State of New Mexico proposed summary affirmance.

(Answer Exhibit F).  In response, Petitioner's counsel filed a Memorandum in Opposition. (Answer, Exhibit G).  Remaining unpersuaded, the Court of Appeals issues its Memorandum Opinion on June 23, 2003 affirming the trial court's denial of his Motion to Suppress. (Answer, Exhibit H).

      7.  Petitioner, represented by counsel, filed a timely Petition for Writ of Certiorari. (Answer, Exhibit I).  The Supreme Court of the State of New Mexico denied the Petition for Writ of Certiorari. (Answer, Exhibit J).

      8.  Petitioner, represented by his trial counsel, file a timely Petition for a Writ of Habeas Corpus with the Twelfth Judicial District Court, County of Lincoln, State of New Mexico. (Answer, Exhibit N).  The state Petition for a Writ of Habeas Corpus raised one issue - that the affidavit for the search warrant was factually insufficient to support the search warrant.  Petitioner supported his issue with seven reasons, the same seven reasons he had raised with the New Mexico Court of Appeals and that were addressed in the Court's opinion.

      9.  The state District Court denied the Petition for a Writ of Habeas Corpus on November 2, 2004.  (Answer, Exhibit O).

      10.  Petitioner timely filed this federal Petition for a Writ of Habeas Corpus on October 29, 2004.  (Doc. No. 1).

## HABEAS CORPUS RELIEF IS DENIED BECAUSE PETITIONER HAD OPPORTUNITY FOR FULL AND FAIR LITIGATION OF HIS FOURTH AMENDMENT CLAIM

      11.  The Supreme Court of the United States held in *Stone v. Powell*, 428 U.S. 465 (1976), that "where the State has provided an opportunity for full and fair litigation of a Fourth

Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.*, at 494. The door to federal habeas corpus relief is virtually shut to Fourth Amendment claims that have been fully and fairly litigated in the state courts. Only limited exceptions apply, none of which are applicable to this Petition. *See, e.g., Gamble v. Oklahoma*, 583 F. 2d 1161 (10th Cir. 1978). (claim was not fairly litigated in state court because state court ignored Supreme Court Fourth Amendment case.)

      12. Petitioner was afforded a full opportunity to litigate his Motion to Suppress at the trial court level and at the appellate level with both the New Mexico Court of Appeals and the Supreme Court of the State of New Mexico.

      13. The Petitioner was also afforded a fair opportunity to litigate his Fourth Amendment claim. Reviewing the sufficiency of the affidavit under a *de novo* standard of review, the New Mexico Court of Appeals considered each of Petitioner's arguments in support of his contention. The Court discussed and applied Fourth Amendment constitutional standards to each argument and found that the search, based upon the affidavit in question, was reasonable.

      14. Having been afforded a full and fair opportunity to litigate his Fourth Amendment claim in the state courts, the Petitioner is now precluded from having his Fourth Amendment claim reviewed by this Court and receiving federal habeas corpus relief.

      15. The Magistrate Judge recommends that the Petition for the Writ of Habeas Corpus be DENIED because it is precluded by the fact that Petitioner had a full and fair opportunity to litigate his Fourth Amendment claim in the state courts below. The Magistrate Judge also recommends that the Respondents' Motion to Dismiss be GRANTED.

### REQUEST FOR APPOINTMENT OF COUNSEL

16. Petitioner has also requested that the Court appoint him counsel. (Doc. No. 1).

17. The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Rucks v. Boergermann*, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting *Williams v. Meese*, 926 F. 2d 994, 996 (10th Cir. 1991)).

18. Petitioner was represented by counsel throughout the litigation and appeal of his Fourth Amendment claim in state court. It was only in this federal Petition for a Writ of Habeas Corpus that he represented himself.

19. Petitioner was able to reasonably present his claim to this Court in his Petition. The exhibits and pleadings of this case clearly establish that this Petition is barred by the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976).

20. The Court finds that the Petitioner was able to present his case adequately without benefit of counsel and the appointment of counsel for the Petitioner would not have assisted the Court. Therefore, the Court recommends that Petitioner's Motion for the Appointment of Counsel be DENIED.

### CONCLUSION

The Court recommends that the Petitioner's Application for a Writ of Habeas Corpus be DENIED because the Petition is barred by the rule announced in *Stone v. Powell*, 428 U.S. 465 (1976). Petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claim

in the state courts. Petitioner is now precluded from seeking federal habeas corpus relief. The Court further recommends that the Respondent's Motion to Dismiss the Petitioner's Application be GRANTED. The Court also recommends that Petitioner's request for the Appointment of Counsel be DENIED.

## NOTIFICATION

THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN TEN (10) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1). A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE